CHARLES J. SCHUCK, Judge.
S. D. Albirght and F. V. Albright, partners, doing business as the Albright Oil Company, and located at Albright, Preston county, West Virginia, maintain that on or about July 12, 1946, a certain oil or pipe line, leading from the B. & 0. station or sidetrack down the hill and across the Cheat River to claimants’ tanks, was broken by reason of stone being dumped and thrown on the said line by state road employes working at and near the place in question. The claimants maintain the pipe line in question for the purpose of carrying gasoline from railroad tank cars on the B. & 0. siding or switch and which is located at a considerable elevation across the river and above the town of Albright, and the gasoline is conducted by gravity to the tanks of claimants situated in the town of Albright, said pipe line being about one-quarter of a mile in length and *151 for the greater portion of that distance being above the ground. The breaking of the pipe caused the loss of many hundreds of gallons of gasoline and entailed a financial loss of approximately $631.18 to claimants. Claimants specifically aver that on the twelfth day of July, 1946, a maintenance and repair crew then employed near the town of Albright, on route No. 26, did dump and throw, from the said state route No. 26 over and through a row of guard posts, several large trucks of dirt, debris and rocks which fell over, against and upon the said gasoline or oil pipe line causing the breaking thereof and the loss of the gasoline in question.
If this allegation had been sustained by the proof, there could be no question of recovery. However, we look in vain for any evidence that definitely fixes the blame for the breaking of the pipe line in question upon the state road commission or its employes and agents. It is true that there are suspicious circumstances, namely, the pipe line was broken; there were marks of violence on the line itself at the point where it was broken; there were several stones lying around near the break and the crew of the state road commission had been working at or near the point in question. The evidence, however, so far as the record is concerned definitely shows that the dumping of the dirt and stone was lower down the hill than the point where the pipe line was broken and, consequently, if this was true, the dumping of the stone and debris itself could not have been the cause of the breaking of the pipe line and ,the consequent loss of gasoline. The pipe line is located near the state highway, approximately some forty to fifty-five feet away, and is on a lower level as it descends the hillside down the roadway in question. No witnesses, at least none present before the court, saw the accident nor the dumping of any stone on the said pipe line and the break was not discovered until late in the evening of the day on which the pipe line is supposed to have been broken. Taken as a whole, claimants assume that the pipe line was broken in the manner alleged in their petition or dec *152 laration, but present to the court no evidence upon which a finding in their favor could be made, premised on alleged negligence of the state road commission crew working at that point on the day in question. It is purely a matter of speculation, and as heretofore held by our Court of Appeals we are obliged at least to have some tangible, positive evidence upon which we can base a finding and make an award accordingly. Considering the evidence as a whole, it is contradictory and not convincing, and an award is therefore refused.